**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACINTO CHAVEZ-CORIO, | No. 15-70166 |
| Petitioner, | Agency No. A206-407-352 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 24, 2020**

Before: SCHROEDER, TROTT, and SILVERMAN, Circuit Judges.

Jacinto Chavez-Corio, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]

We have jurisdiction under 8 U.S.C. § 1252. We review de novo whether a petitioner has been afforded due process. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The record does not support Chavez-Corio's contention that the agency "engaged in a de facto adverse credibility finding . . . tainting their analysis and prejudicing" him. In any event, the agency's determination did not turn on Chavez-Corio's credibility.

Chavez-Corio's withholding of removal claim fails because substantial evidence supports the agency's conclusion that he failed to establish he would be persecuted on account of a protected ground. He remained without incident in Guatemala for three years after his father was murdered. Moreover, his three sisters, who now co-own the land with the petitioner, still live there without having had any problems since relocation. Considered in this light, the IJ and the BIA correctly determined that his alleged fear of future persecution based on his

---

[1] Chavez-Corio does not challenge the agency's conclusion that his asylum application was untimely.

ownership of inherited land was not plausible. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly situated family members continue to live in the country without incident or when the applicant has returned to the country without incident.") (citations omitted), *superseded by statute on other grounds as stated in Ramadan v. Gonzalez*, 479 F.3d 646, 650 (9th Cir. 2007).

Although the government contends that Chavez-Corio waived any challenge to the agency's determination that he is not eligible for CAT protection by failing to adequately brief the issue, we have discretion to review that determination. *See Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir. 2004). Substantial evidence supports the agency's denial of CAT protection because Chavez-Corio failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**